Fannie BRYANT, Mary Phillips and June Mammina, individually and on behalf of their minor children, and on behalf of all others similarly situated, Plaintiffs-Appellants,

v.

George K. WYMAN, as Commissioner, New York State Department of Social Services, and Joseph S. Barbaro, as Commissioner of Nassau County Department of Social Services, Defendants-Appellees.

No. 305, Docket 33510.

United States Court of Appeals Second Circuit.

Argued Nov. 18, 1969.

Decided Dec. 11, 1969.

Leonard S. Clark, Nassau County Law Services, Mineola, N.Y. (Allen Redlich, and Richard J. Flaster, Nassau County Law Services, Mineola, N.Y., on the brief), for appellants.

Robert S. Hammer, Asst. Atty. Gen., State of New York (Louis J. Lefkowitz, Atty. Gen., State of New York, and Samuel A. Hirshowitz, First Asst. Atty. Gen., on the brief), for appellee George K. Wyman.

A. Thomas Levin, Deputy County Atty., Nassau County, New York (Morris H. Schneider, County Atty., of Nassau County, Mineola, N.Y., on the brief), for appellee Joseph S. Barbaro.

Before LUMBARD, Chief Judge, and DANAHER * and ANDERSON, Circuit Judges.

PER CURIAM:

The plaintiffs-appellants Phillips and Mammina are applicants for welfare and the plaintiff-appellant Bryant is a welfare recipient, all residing in Nassau County, New York.

Phillips and Mammina were refused permission by the Nassau County Department of Social Services to have their privately retained counsel with them at an eligibility interview with a case worker. Bryant was notified to appear at the Nassau County Department offices relative to information received by the Department that she had unreported outside income and that she was to be interviewed concerning her continued eligibility for welfare. She also was refused leave to have her personally re-

---

* John A. Danaher, Senior Circuit Judge of the District of Columbia Circuit, sitting by designation.

tained attorney present during the conference.

Apparently representations were made to the trial court that the action taken by the Nassau County Department in precluding the presence of counsel was in compliance with its understanding of State policy. In Commissioner Wyman's brief before this court, however, and more fully in his attorney's representations at oral argument, it was made clear that State policy is exactly the contrary, and applicants or recipients are allowed to have someone with them for assistance, including an attorney. The Commissioner's brief did state that no rule or regulation binding upon a local welfare agency, such as the Nassau County Department, had been promulgated.

Nevertheless we have no doubt that it is the policy of the State of New York to permit such assistance or representation and, if this policy is complied with in Nassau County, it renders all three of the pending appeals moot. In the interests of federal-state comity this court is reluctant to intervene in a matter which concerns the internal administration of state welfare laws. The only misgivings attendant on dismissal of the appeals in the present case have to do with possible misunderstandings or differences of policy on the part of local welfare agencies in the absence of the issuance by the Commissioner of a binding directive to them to follow the State's policy in this regard. It is abundantly clear that he has such power under § 34 of the Social Welfare Law, McKinney's Consol.Laws, c. 55, and it would obviate constitutional questions in the present cases, both as to denial of right to counsel and a possible unequal application of the laws, if such an order were promulgated. On the assumption that this will be done, we dismiss the appeals as moot, without prejudice, however, to a filing, between 60 and 70 days from date, of a motion for rehearing in the event that such a directive has not been issued within 60 days from the date of this decision.

It is so ordered.